UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC SERIES 6671 W. TROPICANA 103, et al.,<br><br>Defendants. | Case No. 2:17-cv-01758-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff Federal National Mortgage Association's ("Fannie Mae") Motion to Stay Discovery (ECF No. 29), filed on March 9, 2018. Defendant Saticoy Bay LLC Series 6671 W. Tropicana 103 ("Saticoy Bay") filed its Opposition (ECF No. 31) on March 23, 2018. Plaintiff filed its Reply (ECF No. 35) on March 30, 2018.

This matter arises from quiet title and declaratory relief claims related to a foreclosure sale of real property. Plaintiff Fannie Mae requests a stay of discovery pending a decision on its motion for summary judgment. Plaintiff argues that its deed of trust could not have been extinguished as the Federal Foreclosure Bar preempts the Nevada HOA foreclosure statute and that the Ninth Circuit has held that Plaintiff's property interest survives an HOA sale. *See Motion to Stay* (ECF No. 29), 2. *See also Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426 (9th Cir. 2017). Defendant argues that it should be permitted to conduct discovery to adequately prepare its case. *See Opposition* (ECF No. 31), 9.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of*

1  *L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D. at 581.  The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group*, 294 F.R.D. at 581.

After reviewing the parties' briefs and conducting its "preliminary peek" of Plaintiff's motion for summary judgment, the Court finds that a stay of discovery is warranted.  First, the pending motion for summary judgment, if granted, may resolve the primary issues raised in Plaintiff's Complaint.  Second, the Court finds that the motion for summary judgment can be decided without additional discovery.  Finally, the Court is convinced that a stay of discovery is warranted based upon the merits of Plaintiff's motion for summary judgment.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Federal National Mortgage Association's Motion to Stay Discovery (ECF No. 29) is **granted**.

**IT IS FURTHER ORDERED** that the motion hearing set for Friday, April 6, 2018 at 9:30 AM is hereby **VACATED**.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the parties shall file a proposed discovery plan and scheduling order within 14 days of the court's ruling on Plaintiff's pending motion for summary judgment in the event any of the parties' claims survive.

Dated this 4th day of April, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE