UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No. 2:17-cv-01758-RFB-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SATICOY BAY LLC SERIES 6671 W. TROPICANA 103; and CASA MESA VILLAS HOMEOWNERS ASSOCIATION, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Defendant Saticoy Bay LLC Series 6671 W. Tropicana 103 ("Saticoy Bay") Motion to Strike Defendant Casa Mesa Villas Homeowners Association's ("Casa Mesa") (collectively with Saticoy Bay, "Defendants") Demand for Trial by Jury. ECF No. 19.

## II. BACKGROUND

This matter centers on the effect of a nonjudicial foreclosure sale conducted by Casa Mesa as a homeowners association in March 2016 under the then-effective version of the Nevada Revised Statutes ("NRS") Chapter 116. Plaintiff Federal National Mortgage Association ("Plaintiff") sued Defendants on June 26, 2018. ECF No. 1. In its Amended Complaint, Plaintiff asserts a single claim against Casa Mesa: declaratory relief under the 5th and 14th Amendment.[1] ECF No. 2. Plaintiff seeks a declaratory judgment that the then-effective version of NRS Chapter 116 was facially unconstitutional, meaning that Plaintiff's rights to the property were not

---

[1] Plaintiff asserts additional claims against Saticoy bay for declaratory relief and quiet title under 12 U.S.C. § 4617(j)(3) and the 5th and 14th Amendments to the U.S. Constitution as well as a claim for permanent and preliminary injunction. ECF No. 2.

extinguished by the foreclosure or that the foreclosure is void or invalid and should be set aside. Id. Plaintiff also seeks general and special damages as well as and attorney's fees and costs.

Casa Mesa filed a Demand for Trial by Jury on October 20, 2017. ECF No. 17. Saticoy Bay now moves to strike the demand. ECF No. 19. No party has opposed Saticoy Bay's motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 38 states: "On any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." To determine if a particular claim is entitled to a jury trial:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non–Article III adjudicative body that does not use a jury as factfinder.

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." Simler v. Conner, 372 U.S. 221, 222 (1963). The right to a trial by jury, afforded by the Seventh Amendment, "does not extend to cases of equity jurisdiction." Katchen v. Landy, 382 U.S. 323, 337 (1966); see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989). The Supreme Court has instructed that "the nature of the remedy is more important for Seventh Amendment purposes than the nature of the right." Spinelli v. Gaughan, 12 F.3d 853, 857 (9th Cir. 1993).

### III. DISCUSSION

Saticoy Bay moves to strike Casa Mesa's jury demand, arguing that the equitable nature of each of Plaintiff's claims bars the right to a jury trial. The Court agrees.

As an initial matter, Casa Mesa failed to respond to Saticoy Bay's motion. Casa Mesa

therefore consented to the granting of the motion. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Additionally, the Court finds the single claim asserted against Casa Mesa equitable in nature. Plaintiff seeks a declaratory order that the version of NRS Chapter 116 in effect at the time of the foreclosure sale was facially unconstitutional under the 5th and 14th Amendment to the U.S. Constitution. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, which allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Although 28 U.S.C. § 2201 itself provides equitable relief, the statute "specifically preserves the right to jury trial for both parties" "while allowing prospective defendants to sue to establish their nonliability[.]" Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959). Even so, Plaintiff seeks equitable relief through its claim against Casa Mesa. Plaintiff prays for relief in the form of a declaratory order that either finds (1) the foreclosure did not extinguish its rights to the property, and thus Saticoy Bay purchased the property subject to Plaintiff's rights, or (2) the foreclosure sale must be set aside as void or invalid. The Court therefore finds that Casa Mesa is not entitled to trial by jury based on the nature of the remedy sought by Plaintiff. The Court grants Saticoy Bay's Motion to Strike the Demand for Trial by Jury accordingly.

### IV. CONCLUSION

**IT IS ORDERED** that Defendant Saticoy Bay LLC Series 6671 W. Tropicana 103's Motion to Strike the Demand for Jury Trial [ECF No. 19] is GRANTED. The Clerk of the Court is instructed to strike Defendant Casa Mesa Villas Homeowners Association's Demand for Trial by Jury [ECF No. 17].

DATED: September 28, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**