# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

SATICOY BAY LLC SERIES 6671 W. TROPICANA 103; and CASA MESA VILLAS HOMEOWNERS ASSOCIATION,

    Defendants.

Case No. 2:17-cv-01758-RFB-EJY

**ORDER**

## I. INTRODUCTION

Before the Court are Defendant Saticoy Bay LLC Series 6671 W. Tropicana 103's ("Saticoy Bay") Motion to Certify Question to the Nevada Supreme Court (ECF No. 46) and Motion for Summary Judgment (ECF No. 52), and Plaintiff Federal National Mortgage Association's ("Fannie Mae") Motion for Summary judgment (ECF No. 51). For the following reasons, the Court grants Plaintiff's motion and denies Defendant's motions.

## II. PROCEDURAL BACKGROUND

Plaintiff Fannie Mae sued Defendants Saticoy Bay and the Casa Mesa Villas Homeowners Association (the "HOA") on June 26, 2017. ECF No. 1. Fannie Mae filed the operative amended complaint on June 28, 2017. ECF No. 2. Fannie Mae seeks declaratory relief that a nonjudicial foreclosure sale conducted in 2016 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. To obtain this relief, Fannie Mae asserts the following claims: 1) declaratory judgment relief under 12 U.S.C. § 4617(j)(3) against Saticoy Bay; 2) quiet title under 12 U.S.C. § 4617(j)(3) against Saticoy Bay; 3) declaratory relief

under the Fifth and Fourteenth Amendments against Saticoy Bay and the HOA; 4) quiet title under the Fifth and Fourteenth Amendments against Saticoy Bay; 5) and injunctive relief against Saticoy Bay. Saticoy Bay filed a motion to dismiss on October 11, 2017. ECF No. 12. The HOA answered the amended complaint on October 20, 2017. ECF No. 15. Fannie Mae moved for summary judgment on March 9, 2018. ECF No. 28. The motion was fully briefed. ECF Nos. 32, 35. The Court held a hearing on September 10, 2018. ECF No. 42. On September 28, 2018, the Court administratively stayed the case pending the Nevada Supreme Court's decisions in <u>SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC</u>, 431 P.3d 718 (Nev. 2018) (unpublished) and <u>Onewest Bank FSB v. Holm Int'l Props., LLC</u> 432 P.3d 741 (Nev. 2018) (unpublished). The Court also denied all pending motions. ECF No. 43. The Court lifted the stay on January 11, 2019. ECF No. 45. Saticoy Bay moved the court to certify questions to the Nevada Supreme Court on January 31, 2019. ECF No. 46. The motion was fully briefed. ECF Nos. 54, 58. Saticoy Bay also answered and asserted counterclaims against Fannie Mae for declaratory relief on February 8, 2019. ECF Nos. 48, 50. On February 11, 2019, Fannie Mae and Saticoy Bay moved for summary judgment. ECF Nos. 51, 52. Both motions were fully briefed. ECF Nos. 56, 59, 62, 63.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 6671 W. Tropicana Avenue, # 103, Las Vegas, Nevada 89103 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues.

Nonparty Frank Kiyono borrowed funds from RMS & Associates to purchase the property in 2007. To obtain the loan, Kiyono executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Kiyono as the borrower, RMS &

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide and the MERS System Rules of Membership. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

Associates as the lender, and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary, was recorded on March 23, 2007. On March 2, 2017, MERS executed an assignment of the deed of trust to Fannie Mae.

Kiyono fell behind on HOA payments. From July 2015 through February 2016, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and then a notice of foreclosure sale. On March 4, 2016, the HOA held a foreclosure sale on the property under NRS Chapter 116. Saticoy Bay purchased the property at the foreclosure sale. A foreclosure deed in favor of Saticoy Bay was recorded on May 5, 2016.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in April 2007. While its interest was not recorded under its name until March 2, 2017, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure.

The relationship between Fannie Mae and MERS, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide") and the MERS System Rules of Membership. The MERS System Rules of Membership state as follows:

> Mortgage Electronic Registration Systems, Inc. ("MERS") is . . . created for the purpose of serving as the Mortgagee of Record in the applicable public land records solely as Nominee for the Note Owner and the Note Owner's successors and assigns, including the Note Holder. MERS shall have no rights whatsoever to retain any payments made on account of a MERS Loan, to any servicing rights related to MERS Loans, or to retain any mortgaged properties securing MERS Loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to MERS Loans or mortgaged properties.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### IV. LEGAL STANDARD

#### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Motion to Certify Question to Nevada Supreme Court

Under Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion or upon the motion of any party to the cause." Nev. R. App. P. 5(a)—(b). The Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and ... [where] it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Rule 5 also provides that a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified; (3) The nature of the controversy in which the questions arose; (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court; (5) The names and addresses of counsel for the appellant and respondent; and (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

"Use of the certification procedure in any given case 'rests in the sound discretion of the

federal court.'" Louie v. U.S., 776 F.2d 819, 824 (9th Cir. 1985). "Even where state law is unclear, resort to the certification process is not obligatory." Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1009 (9th Cir. 2009).

### III. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2007.

Despite Berezovsky, Saticoy Bay attempts to avoid an unfavorable entry of summary judgment by arguing that Fannie Mae never acquired a property interest because it failed to comply with state laws regarding recordation and the statute of frauds. Saticoy Bay also argues that the bona fide purchaser doctrine precludes Fannie Mae from asserting a property interest, and that Fannie Mae fails to provide the proper foundation for the evidence it relies on when arguing for summary judgment. The Court addresses each argument in turn.

The Court first considers the argument pertaining to recordation. Saticoy Bay contends that Fannie Mae failed to record its interest in the property, listing itself as the record beneficiary under the deed of trust, as required by the Nevada's recording statutes. SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC forecloses the argument. 432 P.3d 718 (Nev. 2018) (holding that the state recording statutes, prior to the 2011 amendments, do not require an assignment of

beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2007, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718. Saticoy Bay's recordation argument fails accordingly.

Saticoy Bay's argument under the statute of frauds is also unsuccessful. Saticoy Bay contends that Fannie Mae failed to comply with the Nevada statute of frauds, precluding Fannie Mae from acquiring an interest in the property. But Saticoy Bay was not a party to the sale of the note and the deed of trust to Fannie Mae in 2007. Thus, Saticoy Bay does not have standing to assert an argument under the Nevada statute of frauds. Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest). The Court rejects Saticoy Bay's argument that the standing requirement to raise the statute of frauds only applies to the statute of frauds when raised under NRS 111.210 and NRS 111.220. The Court does not find the language stated in Harmon to be as restrictive as Saticoy Bay advocates. The Court also finds Saticoy Bay's reliance on Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011), which discusses the statute of frauds, to be unpersuasive. Subsequent to the Leyva decision in 2011, the Nevada Supreme Court decided Nationstar Mortg., LLC v. Guberland LLC-Series 3 in 2018. 420 P.3d 556 (Nev. 2018) (unpublished). In Guberland, the Nevada Supreme Court cited Berezovsky with favor and allowed material identical documentation to establish a federal enterprise's property interest. 420 P.3d 556. Saticoy Bay provides no basis on which to allow the Court to ignore the more recent Guberland decision in favor of the Leyva decision. Further, because Nevada state law is sufficiently clear on this matter, the Court declines to certify any questions regarding the recordation requirements and the statute of frauds to the Nevada Supreme Court.

The Court also finds that Saticoy Bay cannot defeat summary judgment in favor of Fannie Mae by asserting the bona fide purchaser doctrine. The Court is again guided by the Berezovsky holding that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116

from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship; state laws that impliedly conflict with the Federal Foreclosure Bar are preempted. 869 F.3d at 931. Thus, Nevada's bona fide purchaser laws are preempted to the extent that the laws would allow for the extinguishment of Fannie Mae's interest without FHFA's consent.

The Court next considers if Fannie Mae provided the proper foundation and sufficient evidence to show it acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Fannie Mae attaches printouts from its electronic database. The printouts are accompanied by a declaration of Graham Babin. Saticoy Bay argues that this evidence is insufficient to establish Fannie Mae's ownership, and that a power of attorney should be submitted to show a relationship between Fannie Mae and its servicer.

The Court disagrees. Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust.

Further, the Ninth Circuit has allowed FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence as recently as 2018. See Guberland, 420 P.3d 556 (favorably citing Berezovsky).

The printouts, in conjunction with the Guide and the MERS System Rules of Membership, establish that a principal-agency relationship existed between Fannie Mae and MERS, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2007—prior to the foreclosure sale—and owned it at the time of the foreclosure sale. Fannie Mae has therefore presented sufficient evidence under Berezovsky to prevail at the

summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Fannie Mae on its second cause of action and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims and counterclaims as a result.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Federal National Mortgage Association's Motion for Summary Judgment (ECF No. 51) is granted. The Court quiets title and declares that Saticoy Bay purchased the property subject to the deed of trust owned by Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Saticoy Bay's Motion to Certify Question to Nevada Supreme Court (ECF No. 46) is denied.

**IT IS FURTHER ORDERED** that Defendant Saticoy Bay's Motion for Summary Judgment (ECF No. 52) is denied

**IT IS FURTHER ORDERED** that the lis pendens in this case is expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: September 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**